The special committee to whom was referred the petition of B. Frank Southwick praying for a recount of the ballots cast for senator in the fifth Essex senatorial district, and that the seat now occupied by George D. Hart as senator of said district may be awarded to the petitioner, have duly considered the same, and submit the following report: —
It appears from the original returns made to the secretary of the Commonwealth and transmitted to the governor and council that the vote for senator in said district, as reported, was : —

*27 This return would give Mr. Hart a plurality of four votes.
On clue notice given by Mr. Southwick to the various towns and voting precincts, a recount was had in all the towns and voting precincts in the district, and amended returns were made to the secretary of the Commonwealth from all the towns and voting precincts except from the towns of Danvers, Saugus and Groveland.
The abstract of the vote after these amended returns had been made, as it appears on file in the office of the secretary of the Commonwealth, was the basis on which Mr. Hart was declared elected, and was as follows : —

This return shows a plurality of five for Mr. Hart.
The recount for the three towns which failed to make amended returns, omitting the vote for Mr. Perkins, which does not affect the result, gave the following: —

Making a gain for Mr. Hart of seven votes. So that if these three towns had amended their returns in accordance with the recount, the vote upon which Mr. Hart was declared elected could have given him a plurality of twelve votes instead of five.
The petitioner alleged “that there were errors in counting the ballots in the various places comprising said district which, if *28 corrected, would show your petitioner to have been elected ; that the same construction of the new law under which said election was held was not followed in said places nor any uniformity of method adopted therein of determining what ballots were under said election law valid and what invalid, in the following particulars among others, namely, in certain wards in the city of Lynn, in North Andover and Georgetown and other places ballots marked at the left of the candidate’s name were counted, while in Danvers, Wenham, Saugus and other places such ballots were rejected; that in certain wards in the city of Lynn ballots marked in the right margin were not counted, while such ballots were counted in other places in said district; that in certain wards in said Lynn ballots marked otherwise than with a cross, as required by law, were counted ; that in Danvers and certain wards in said city of Lynn and others of said towns, ballots were returned as blanks, in which the intention and choice of the voter were indicated, though the ballots were not prepared in strict conformity to the requirements of the statute.
“ That if the ballots cast in said district for senator are counted in accordance with any uniform and proper method, either of requiring a strict conformity to the law or giving effect to the choice of the voter where it can by any means be discovered or otherwise, it will appear that your petitioner received a plurality of said ballots and was elected senator.”
By section 31, chapter 299 of the Acts of 1887 and section 1 of chapter 262 of the Acts of 1886, it is provided that when any error is claimed in election returns the board of aldermen in one case and the selectmen of the town in the other case, upon proper notice duly filed, shall within a specified time after an election open the envelopes and examine the ballots thrown and “determine the questions raised.”
It was claimed by the counsel for the sitting member that the intention of these acts, as shown by the language “ determine the questions raised,” was to make the recounting final in the absence of fraud and in the absence of any mistake other than what might occur in the exercise of judicial authority. In other words, that the local boards act judicially in determining the questions raised, and that although the body to which the contesting parties claim to be elected may have the arbitrary right to review the action of such local boards, yet that it is not in accordance with precedent or policy so to do.
The counsel for the contestant, on the other hand, contended that the function of these local boards was executive rather than judicial, and that their action was reviewable.
[The report of the committee was accepted.]
The committee ruled, however, that, to justify the Senate in proceeding to a recount of the votes, or a review of the action of the local boards, the petitioner must show probable cause for believing that such a mistake had been made or fraud committed in ascertaining or assuming the result of the vote as would change the result of the election. Rice v. Welch, Loring & Russell’s Election Cases, 128; Burt v. Babbitt, Ib., 179; Peck v. Reed, Russell’s Election Cases for 1886, 7; ante, p. 5.
The petitioner at the final hearing conceded that if all the defective ballots were counted the result of the election would not be changed, but would give Mr. Hart an increased plurality ; but he also claimed that if all defective ballots were rejected upon a recount Mr. Hart would lose thirty-four votes and the petitioner would lose twenty-four, making a net loss of ten for Mr..Hart, and that this would either result in a tie vote or elect Mr. Southwick by a plurality of one.
To adopt the claim of the petitioner, and reject all defective ballots, would be to disregard all precedent (which is to the effect that where imperfect ballots are in question, if the intent of the voter is clearly ascertainable, they should be counted), for, as to a considerable number at least of these defective ballots, there can be no question as to the intent of the voter, and of those where such intent is clear the larger number would seem to have been cast for Mr. Hart.
The evidence, however, in the judgment of your committee, failed to sustain the position of the petitioner, for, proceeding upon his assumption and rejecting all defective ballots, the committee are satisfied upon the evidence that Mr. Hart would still be elected by a plurality of two votes.
Your committee are therefore of opinion that no sufficient evidence has been produced to justify the Senate in proceeding to a recount of votes, the burden being upon the petitioner to produce such evidence, and it is furthermore the judgment of your committee that no sufficient evidence has been introduced to show probable cause for believing that any such mistake has occurred, or any such fraud or illegality has been committed, in ascertaining, the result of the election, as would change its result.
As the petitioner has failed to show by a preponderance of evidence sufficient cause for reviewing the action of the local recounting boards, the committee have deemed it unnecessary to pass upon any other question presented for their consideration.
They therefore recommend that the petitioner have leave to withdraw.